Cardillo & Corbett
Attorneys for Plaintiff
Agritrade International Pte. Ltd.
29 Broadway
New York, New York 10006
Tel: (212) 344-0464
Fax: (212) 797-1212

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------x
AGRITRADE INTERNATIONAL PTE. LTD.,  :

                Plaintiff,    :

       -against-                  :

HEMAT MARINE SDN BHD,               :

                Defendant.    :
----------------------------------x

**ECF**

**VERIFIED COMPLAINT**

Plaintiff, Agritrade International Pte. Ltd. (hereinafter referred to as "Plaintiff"), by and through its attorneys, Cardillo & Corbett, as and for its Verified Complaint against the Defendant, Hemat Marine Sdn Bhd (hereinafter referred to as "Defendant"), alleges, upon information and belief, as follows:

JURISDICTION

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333.

THE PARTIES

2. At all times material to this action, Plaintiff was, and still is, a corporation created and existing under the laws of the Republic of Singapore, with its office at 32 Hong

Kong Stret, Singapore 059671.

3. Plaintiff is in the international commodities trading business.

4. Upon information and belief, Defendant was, and still is, a foreign corporation, or other business entity, organized under foreign law, with a place of business at Plaza Permata, No. 6, Suite 1903, Jalan Kampar, Kuala Lumpur, Malaysia 50400.

5. Defendant was at all times material the disponent owner of the M/V STARDUST (the "Vessel").

### DEFENDANT'S BREACH OF CONTRACT

6. Plaintiff and Defendant entered into a voyage charter party dated January 24, 2007 ("the Charter Party"), pursuant to which Defendant agreed to carry the Plaintiff's cargo of crude palm oil on the Vessel from ports in Indonesia to ports in India, in consideration of a freight rate of $39 per ton of cargo.

7. The Defendant, however, failed and refused to perform the Charter Party.

8. The market freight rate for chartering an equivalent vessel had increased to $50.00 per ton of cargo.

9. By reason of the aforesaid, Plaintiff has suffered damages in the amount of $91,300, no part of which has been paid although duly demanded, and Plaintiff is entitled to

interest, attorneys' fees and costs as set forth below.

### SINGAPORE ARBITRATION

10.  Plaintiff's claims against Defendant are now the subject of an arbitration in Singapore governed by Singapore law pursuant to the terms of the Charter Party.

### PLAINTIFF'S DAMAGES

11.  Interest, costs and attorneys' fees are routinely awarded to the prevailing party under Singapore law. As best as can now be estimated, Plaintiff expects to recover the following amounts from Defendant:

| | | |
|---|---|---|
| A. | Principal claim: | $91,300.00 |
| B. | 3 years interest at 7% per annum: | $19,173.00 |
| C. | Arbitration fees, costs and attorneys' fees: | $50,000.00 |
| | Total: | $160,473.00 |

### DEFENDANT NOT FOUND WITHIN THE DISTRICT

12.  The Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendant has, or will have during the pendency of this action, property within this District and subject to the jurisdiction of this Court, held in the hands of garnishees including, but not limited to, ABN Amro Bank NV, American Express Bank, Bank of America, Bank of Communications Ltd. New York Branch, Bank of

India, Bank of New York, Barclays Bank, BNP Paribas, Citibank, Deutsche Bank, HSBC (USA) Bank, J.P. Morgan Chase, Standard Chartered Bank, UBS AG and/or Wachovia Bank, which are believed to be due and owing to the Defendant.

    13. The Plaintiff seeks an order from this court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching, *inter alia,* any property of the Defendant held by the aforesaid garnishees for the purpose of obtaining personal jurisdiction over the Defendant, and to secure Plaintiff's claim as described above.

    **WHEREFORE**, Plaintiff prays:

    A. That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Complaint;

    B. That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims and also pursuant to the United States Arbitration Act, 9

U.S.C. §§ 1 and 8, attaching all tangible or intangible property in whatever form or any other funds held by any garnishee, including, but not limited to, ABN Amro Bank NV, American Express Bank, Bank of America, Bank of Communications Ltd. New York branch, Bank of New York, Barclays Bank, BNP Paribas, Citibank, Deutsche Bank, HSBC (USA) Bank, J.P. Morgan Chase, Standard Chartered Bank, UBS AG and/or Wachovia Bank, which are due and owing to the Defendant, in the amount of $160,473.00 to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

  C. That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof; and

  D. That the Plaintiff has such other, further and different relief as the Court may deem just and proper.

Dated: New York, New York
    June 20, 2007

           CARDILLO & CORBETT
           Attorneys for Plaintiff
           AGRITRADE INTERNATIONAL PTE.LTD.

      By: *[signature]*
         Francis H. McNamara (FM4649)

**ATTORNEY'S VERIFICATION**

State of New York )
                  ) ss.:
County of New York)

    1.    My name is Francis H. McNamara.

    2.    I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

    3.    I am associated with the firm of Cardillo & Corbett, attorneys for the Plaintiff.

    4.    I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

    5.    The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

    6.    The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff's attorneys in Singapore.

    7.    I am authorized to make this Verification on

behalf of the Plaintiff.

Dated:   June 20, 2007
         New York, New York

_____
(Francis H. McNamara)

Sworn to this 20th day
of June, 2007

_____
Notary Public

CHRISTOPHIL B. COSTAS
Notary Public, State of New York
No. 31-0773693
Qualified in New York County
Commission Expires April 30, 2011

7