UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
AGRITRADE INTERNATIONAL PTE. LTD.,

                Plaintiff,

      -against-

HEMAT MARINE SDN BHD,

               Defendant.
------------------------------------------------------------X

07 Civ. 5988 (SAS)

**DECLARATION
IN SUPPORT OF MOTION TO
<u>VACATE ATTACHMENT</u>**

I, MALIM MOHD SAH, declare as follows:

1. I am a citizen of the Republic of Malaysia residing in Kuala Lumpur. I am employed by defendant Hemat Marine SDN BHD, a Malaysian corporation which has been in the shipping business since 13th May 1992.

2. I have been in the shipping business since 1995 serving in various capacities as Coastal Master, broker, and Ship Manager.

3. I have been employed by Hemat Marine SDN BHD since November, 2002..

4. During that time I have served principally as General Manager. As such, my duties included Ship operations, brokering and chartering.

5. In that capacity, I familiar with the negotiations that took place between Agritrade International Pte. Ltd. and Hemat Marine during the month of January, 2007 concerning the possible fixture and charter of M/T STAR DUST to carry a cargo of palm oil from Indonesia to one or more ports in India.

6. Negotiations were conducted principally by e-mail. Negotiations continued late into the afternoon of January 23, 2007 and, based upon the progress of the negotiations to that time, we sent a recap of agreed and unagreed terms to Ms. Yvonne Foo.

7. At all times, the fixture was "subject to stem/suppliers/receivers/charterers' management approval declarable latest by 1230 hours at Kuala Lumpur time on 24rd Jan, 2007".

8. Hemat Marine, as disponent owner of M/T STAR DUST, did not receive notice from Agritrade International that the required approvals had been obtained by 1230 hours Kuala Lumpur time 24 January 2007 or at all.

9. Accordingly, it is the position of Hemat that there was no agreement, was no charterparty, was no agreement to arbitrate and that plaintiff's claim is unsustainable.

10. After receiving several threatening letters from solicitors in Singapore representing Messrs. Agritrade in February and March, 2007, Hemat Marine appointed counsel, Messrs. Asia Legal LLC, in Singapore to protect the interests of Messrs. Hemat Marine.

11. Our solicitors responded to Messrs. T S Oon & Basul and informed them of the position of Hemat which was that no binding charterparty had been concluded. Nevertheless, by telefax dated 13 March 2007, Messrs. Asia Legal proposed that the issue whether there was a binding charterparty between Agritrade and Hemat be determined under Singapore law by a single arbitrator sitting in Singapore.

12. By telefax dated 28 March 2007, T S Oon & Basul stated their client's agreement to this proposal and recommended the appointment of Mr. Jaya Prakash as the sole arbitrator. Copy of the telefax is attached as Exhibit A.

13. By telefax dated 13 April 2007, our solicitors, Messrs. Asia Legal, made clear that the agreement between Agritrade and Hemat was only with regard to a determination whether there was a charterparty. No other agreements were reached with regard to consequential matters. 13 April telefax attached as Exhibit B.

14. By telefax dated 18 April 2007, Agritrade's solicitors agreed.

15. Mr. Francis H. McNamara, associated with the firm of Cardello & Corbett, verified the Complaint on June 20, 2007.

16. In paragraph 6 of the Verified Complaint, Mr. McNamara verifies that:

> Plaintiff and defendant entered into a voyage charterparty dated January 24, 2007 ("the charter party"), pursuant to which defendant agreed to carry the plaintiff's cargo of crude palm oil on the vessel from ports in Indonesia to ports in India, in consideration of a freight rate of $39 per ton of cargo.

17. Clearly, it is not a verifiable fact that there was a charterparty dated January 24, 2007. It is true that the arbitrator in Singapore may in the future find that there is a charter party. He may also find that there was no charter party agreement. In good faith, we entered into an agreement with Agritrade to arbitrate the question whether there was a charterparty in Singapore in accordance with Singapore law before a single arbitrator in the middle of April, 2007.

18. This agreement to arbitrate the issue of formation of the contract, in my mind, demonstrates a recognition that there is a legitimate dispute.

19. There being a legitimate dispute, it is an egregious stretch of the facts and circumstances and truths of the relationship between the plaintiff and the defendant that anyone representing the plaintiff could swear, as Mr. McNamara did, that there was a charterparty agreement dated January 24, 2007.

20. It is also an egregious error for Mr. McNamara to have sworn in paragraph 10 that:

> Plaintiff's claims against defendant are now the subject of an arbitration in Singapore governed by Singapore law pursuant to the terms of the charterparty.

21. As set forth in Exhibits A and B, this is also a misstatement which, although verified by Mr. McNamara, has no basis whatsoever.

22.   In conclusion, I respectfully request this Honorable Court to free the monies belonging to Hemat Marine SDN BHD attached by Agritrade at the Bank of New York and any other monies subsequently attached by reason of the fact that the verified allegations in the Complaint upon which the Order of Attachment is based are simply not true.

I declare under penalty of perjury of the Laws of the United States of America that the foregoing statements made by me are true and correct.

Executed: Kuala Lumpur, Malaysia
13th August, 2007

By: _____
Malim Mohd Sah
Hemat Marine Sdn Bhd


Witnessed By: _____

TEE TEK YEK
NOTARY PUBLIC
MALAYSIA