UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
AGRITRADE INTERNATIONAL PTE. LTD.,

                     Plaintiff,

        -against-                              07 Civ. 5988 (SAS)

HEMAT MARINE SDN BHD,

                     Defendant.
-------------------------------------------------------------X


**MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION TO VACATE ATTACHMENT**


**DeORCHIS, WIENER & PARTNERS, LLP**
61 Broadway, 26th Floor
New York, New York 10006-2802
(212) 344-4700

Attorneys for Defendant
HEMAT MARINE SDN BHD


Christopher H. Mansuy
   *-of Counsel-*

## INTRODUCTION

Defendant Hemat Marine SDN BHD respectfully submits this Memorandum of Law in support of its motion to vacate the order of attachment dated June 25, 2007 authorizing the Clerk of the Court to issue Process of Maritime Attachment and Garnishment of defendant's funds in the hands of sundry banks located in the Southern District of New York. Plaintiff has apparently attached $15,337.95 in the hands of the Bank of New York on June 28, 2007. By this motion, pursuant to Rule E(4)(f), Supplemental Rules for Certain Admiralty and Maritime Claims, defendant respectfully prays that plaintiff be required to show cause why the Order of Attachment, the specific attachment and any other accomplished attachments should not be vacated.

## FACTUAL BACKGROUND

On June 25, 2007, plaintiff filed a Verified Complaint in this Honorable Court that plaintiff and defendant entered into a voyage charterparty dated January 24, 2007 and that the defendant failed and refused to perform as a result of which plaintiff lost $91,300. Verified Complaint, ¶¶ 6, 7 & 9. Plaintiff verifies through counsel that its claim for failure and refusal to perform is "now the subject of an arbitration in Singapore governed by Singapore law pursuant to the terms of the charterparty." Verified Complaint, ¶ 10.

In paragraph 11, plaintiff seeks damages and a maritime attachment of the credits and effects of defendant not only in the principal amount of $91,300 but also interest at the rate of 7% per annum on the claimed amount for three years and arbitration fees, costs and attorneys' fees in the amount of $50,000.

In paragraph 13, plaintiff prays for an Order of Attachment and Garnishment directing the Clerk of the Court to issue Process of Maritime Attachment and Garnishment. The Court signed the Order on June 25. The Clerk issued Process of Maritime Attachment and Garnishment on the 26th day of June, 2007. Plaintiff thereafter served Process of Maritime Attachment and Garnishment on at least one garnishee bank, the Bank of New York, which detained $15,337.95 on June 28, 2007. Exh. C annexed hereto.

In reading the accompanying Declaration of Malim Mohd Sah and Exhibits in support of the motion to vacate executed the 13th day of August, 2007, the Court is respectfully requested to note that the Verified Complaint in certain material respects is not correct. While it is true that the parties were negotiating a charter, no agreement was reached. Malim Decl., ¶ 9. Thereafter, the parties entered into an agreement in Singapore through counsel whereby a sole arbitrator would be and was appointed to determine whether a charterparty had, in fact, been formed. No other agreement with regard to arbitration of the substantive claim was made. Malim Decl., ¶¶ 10, 11, 12, 13 & 14 and Exhs. A and B. This agreement was in the middle of April, 2007, two full months before the Verified Complaint was filed. Plaintiff knew or should have known that the representations made in the Verified Complaint were incorrect.

## SUMMARY OF ARGUMENT

Defendant will show that plaintiff cannot satisfy its burden of proving the reasonableness of the grounds for the attachment because the verified allegations are not true and because the funds were detained after service of the legal process. The attachment Order and the attachment therefore violate the Fourth and Fifth Amendments. Lastly, plaintiff's

claim for security for three years interest and arbitration costs and attorneys' fees is premature and speculative.

## POINT I

### NO REASONABLE GROUNDS

As is set forth in the accompanying Declaration of Mr. Malim, defendant denies that a contract was entered into. Plaintiff has agreed that the formation of a contract is sufficiently in issue to submit that singular dispute to an arbitrator in Singapore. Exhs. A & B, Malim Decl. Defendant respectfully submits that at the time the Verified Complaint was filed, plaintiff had no good faith basis to *verify* that there was a contract between the parties, had no right to *verify* that defendant breached the contract, the very existence of which was in dispute, and had no right to *verify* that the claim arising out of the alleged contract was being arbitrated in Singapore. According to Mr. Malim, all of these allegations, every though verified, were, at the time of the filing of the Verified Complaint, untrue.

Upon a Rule E hearing, this Court must consider whether a "valid *prima facie* admiralty claim" against the defendant has been asserted. *Aqua Stoli Shipping Ltd. v. Gardner Smith Pty. Ltd.*, 460 F.3d 434, 445 (2d Cir. 2006). *Ullises Shipping Corp. v. FAL Shipping Co.*, 415 F. Supp. 2d, 318, 322-23 (S.D.N.Y. 2006), overruled on other grounds by *Aqua Stoli*, 460 F.3d 445, *supra*. Rule E(4)(f) furnishes to a defendant the procedural vehicle to attack the substance of the Complaint, *inter alia*. *Winter Storm Shipping, Ltd. v. TPI*, 310 F.3d 263, 272 (2d Cir. 2002) and *Sonito Shipping Co. Ltd. v. Sun United Maritime Ltd.*, 478 F. Supp. 2d 532, 535-6, 2007 A.M.C. 1018 (S.D.N.Y. 2007). The district court upon a Rule

3

E hearing may consider material outside the Complaint. *Maersk, Inc. v. Neewra, Inc.* 443 F. Supp. 2d, 519, 527 (S.D.N.Y. 2006).

Upon a Rule E hearing, the plaintiff is not required to prove its case by clear convincing evidence, but it is required to prove that there were reasonable grounds for issuance of the attachment and garnishment order. *North of England Protection & Indemnity Association v. M/V NARA,* 1991 W.L. 33116416, at *2, 2000 A.M.C. 682 (E.D.La. 1999). If the grounds are fiction or wishful thinking, they are not reasonable. Plaintiff must prove to this Court that the grounds for the attachment are true.

One technical reason to doubt the veracity of the verified complaint is that the verification by plaintiff's counsel is not based upon information furnished by his client, but rather by plaintiff's attorneys in Singapore, *i.e.* two steps removed from personal knowledge.

The Fourth Amendment to the Constitution prohibits seizure of effects and things except upon probable cause supported by oath or affirmation, particularly describing the things to be seized. The Fifth Amendment prohibits the taking of property without due process of law.

While these amendments and terms of art have particular relevance in the area of criminal law, they also limit government action on the civil side. In civil matters, courts generally treat the salient terms as the equivalent of "reasonable grounds." *Wajilam Exports (Singapore) Pte. Ltd. v. ATL Shipping Ltd.,* 2006 A.M.C. 2744, 2748-9, 2006 U.S. Dist. LEXIS 77033 (S.D.N.Y. Oct. 23, 2006).

The Malim Declaration Exhibits make plain that the salient and substantive allegations in the Verified Complaint are simply not the case. Accordingly, the Order of Attachment that

4

was based upon the untrue allegations in the Verified Complaint should be vacated. The "probable cause" which the Court *ex parte* found in the Verified Complaint on June 25 has evaporated.

## POINT II

### PLAINTIFF MUST PROVE THAT THE FUNDS WERE NOT ACQUIRED BY BANK OF NEW YORK AFTER SERVICE OF THE PMAG

Defendant has requested counsel for the Bank of New York to provide a time line for:

- the arrival of defendant's funds at the Bank of New York;
- service of each Process of Maritime Attachment and Garnishment
- the actual detention of the funds by the Bank of New York.

However, to date, no response has been received from the garnishee's counsel. Accordingly, the burden is squarely on the shoulders of the plaintiff to show cause why the rule against the seizure of after-acquired property set forth in *Reibor International Ltd. v. Cargo Carriers* (KACZ-ZO.) Ltd., 759 F.2d 262, 268 (2d Cir. 1985) has not been violated by the detention of defendant's funds in the Bank of New York. The mechanism for the attachment of electronic fund transfers in the hands of the intermediary banks such as the Bank of New York is fairly standard and is depicted in a numerber of decisions. As set forth in *Winter Storm Shipping, Ltd. v. TPI*, 310 F.3d, 263, 274 *fn.* 7 (2d Cir. 2002), *cert. denied*, 539 U.S. 927 (2003), an intermediary bank such as the Bank of New York, upon receipt of a PMAG, sets up a blocking filter in its electronic transfer software identifying property belonging to the named defendant for freezing. When a transfer with defendant's name on it is received, the bank sequesters the transfer. And, in due course, a subsequent PMAG is served.

5

Once a proper response to our inquiry to the Bank of New York is received, we suspect that we shall learn, as the Court in *Winter Storm, supra*, described, that service of the initial PMAG prompted the installation of the filter in the EFT software causing the garnishee bank to subsequently detain funds belonging to the defendant. This detention violated the Rule of *Reibor* because the funds arrived after service of the PMAG. However, the bank continued to hold the funds and, upon receipt of the next day's PMAG from the plaintiff's attorney, the bank then actually had funds belonging to the defendant, having wrongfully detained them the previous day.[1] Hence, according to the Second Circuit, the funds captured by the second were not after-acquired.

The Second Circuit in *Winter Storm* put its seal of approval on this process by remarking that the defendant could not blame the plaintiff for violating the Rule of *Reibor* because it was not the plaintiff who wrongfully detained the funds. Rather, the Court said that it was the intermediary bank that might be at fault and that the defendant should file any complaint against the intermediary bank. *Winter Storm Shipping v. TPI,* 310 F.3d, 274, *fn*. 7, *supra*. The practical problem with this remedial recommendation is that the defendant typically has no privity with the intermediary bank as the intermediary bank's relationships are typically with the originator's bank and the beneficiary's bank. But, the real problem is legal. The law in this Circuit is that a defendant such as Hemat cannot sue an intermediary bank at all. *Grain Trader v. Citibank, N.A.,* 160 F.3d 97 (2d Cir. 1998) (holding that, pursuant to U.C.C. Art. 4A, an originator of an electronic funds transfer could not sue an intermediary bank on any theory whatsoever). Although this bar pre-dated the *Winter Storm*, it was not

---

[1] If the facts are otherwise in this case, we invite plaintiff to articulate them.

6

mentioned. Thus, if an intermediary bank such as the Bank of New York ignores N.Y.C.P.L.R. § 6214(B) and the *Reibor* rule to the detriment of a defendant, that defendant is out of luck, "penniless" and "remediless."

The U.S. Constitution and judicial precepts should prohibit this result. If the Court finds that the actual detention violated the Rule of *Reibor*, then the levy should be vacated as the funds are the fruit of a poisonous tree. The detention is tainted. The Order of Attachment and the Clerk's PMAG have been imperfectly executed by the deputized garnishee Bank of New York. Because the seizure instigated by the plaintiff and directed by the District Court violated Constitutional principles, it must be nullified. *Weeks v. United States,* 232 U.S. 383 (1914) and *Silverthorne Lumber Co. v. United States,* 251 U.S. 385, 392 (1920). The taking of property that comes into the custody of the garnishee after service of the PMAG does not comport with due process.

In superficial deference to the Rule of *Reibor* against the seizure of after-acquired property, plaintiff sought an order of this Court deeming service to be continuous throughout the day of service through the opening of business the next day "provided the garnishee agrees." This Order conveniently relieves the plaintiff of the burden of continuously serving PMAG's on all of the garnishee banks to detriment of the absent defendant. Plaintiff must show legal cause to justify the temporal elasticity of each PMAG served. Some courts have expanded the temporal efficacy of individual PMAG's on the ground that continuous service would burden the plaintiff and the garnishees. *Ythan Limited v. Americas Bulk Transport Ltd.,* 336 F. Supp. 2d 305, 307-8 (S.D.N.Y. 2004) and *Navalmar (U.K.) Ltd. v. Welspun Gujarat Stahl Rohren, Ltd.,* 485 F. Supp. 2d 399, 2007 A.M.C. 1033 (S.D.N.Y. 2007). Defendant

respectfully submits that these two decisions improperly subjugate the defendant's Constitutional rights against unreasonable takings to the convenience of the plaintiff and the garnishees. The priorities are upside down. Plaintiff bears a heavy burden to show that defendant's rights can be so easily diluted.

## POINT III

### INTEREST AND COSTS ARE UNRIPE

Plaintiff seeks the attachment about $69,173 said to reflect three years interest and the cost of arbitration. Plaintiff's entitlement to these is speculative. Plaintiff must first prove that defendant contracted with plaintiff. This issue is to be arbitrated. But, assuming that there is a contract, plaintiff's entitlement to interest and costs depends not only upon its prevailing on the merits but also upon the arbitral tribunal granting either or both species of secondary relief. Such prognostications are speculative, contingent and unripe and do not generate reasonable grounds for a pre-judgment attachment depriving defendant of its property. They are no more likely to come into being than not. Of equal importance is the fact that nothing in the complaint gives any pedigree to the amounts sought. Rather, the amounts appear to be rank guesses.

## POINT IV

### IF *WINTER STORM* IS REVERSED

Finally, defendant prays for an Order that attachment of EFT's violates state law in the event the law of the Circuit changes. *Consub Delaware LLC v. Schahin Engenaria Ltda.*, 476 F. Supp. 2d 305 (S.D.N.Y. 2007).

8

**CONCLUSION**

The Order of Attachment should be vacated

Dated: New York, New York
       August 21, 2007

                           **DeORCHIS, WIENER & PARTNERS, LLP**
                           Attorneys for Defendant
                           HEMAT MARINE SDN BHD

                           By:   /s/ Christopher H. Mansuy
                               **Christopher H. Mansuy (CM-0813)**
                               61 Broadway, 26th Floor
                               New York, New York  10006-2802
                               (212) 344-4700
                               Our File:  908-1

W:\908-1\Legals\Memo Of Law , , Chm.Doc 8/21/07-

T O :

CARDILLO & CORBETT
Attorneys for Plaintiff
29 Broadway
New York, New York  10006
Attention:  Frank McNamara, Esq.